# FRANK, POSTMASTER GENERAL OF THE UNITED STATES, ET AL. *v.* MINNESOTA NEWSPAPER ASSOCIATION, INC.

No. 87–1956.   Argued March 22, 1989—Decided April 25, 1989

*Paul J. Larkin, Jr.,* argued the cause for appellants. With him on the briefs were former *Solicitor General Fried, Acting Solicitor General Bryson, Assistant Attorney General Bolton, Deputy Solicitor General Merrill,* and *Irene M. Solet.*

*P. Cameron DeVore* argued the cause for appellee.   With him on the brief were *Mark R. Anfinson* and *Marshall J. Nelson.**

---

*Briefs of *amici curiae* urging affirmance were filed for the American Civil Liberties Union et al. by *John P. Borger, Robert Hicks,* and *Steven*

PER CURIAM.

We initially noted probable jurisdiction of an appeal and a cross-appeal in this matter. 488 U. S. 815 (1988). Appellee filed suit in District Court to bar enforcement of 18 U. S. C. § 1302, based on the First Amendment and the Due Process Clause of the Fifth Amendment. The suit sought declaratory and injunctive relief against the Postmaster General, among others. Section 1302 prohibits the mailing of any "publication of any kind containing any advertisement of any lottery, gift enterprise, or scheme of any kind offering prizes dependent in whole or in part upon lot or chance, or containing any list of the prizes drawn or awarded by means of any such lottery, gift enterprise, or scheme." The District Court found § 1302 valid as applied to advertisements, but unconstitutional as applied to prize lists, because the statute could prevent the publication of prize lists in news reports. The District Court granted an injunction limited to the latter issue. *Minnesota Newspaper Assn., Inc.* v. *Postmaster General,* 677 F. Supp. 1400 (Minn. 1987). Appellants sought review of the ruling on prize lists, and appellee cross-appealed from the ruling on advertisements.

After the Court had noted probable jurisdiction of both appeals, Congress passed two laws affecting the coverage of § 1302. Charity Games Advertising Clarification Act of 1988, § 2(a), Pub. L. 100–625, 102 Stat. 3205 (Nov. 7, 1988); Indian Gaming Regulatory Act, § 21, Pub. L. 100–497, 102 Stat. 2486 (Oct. 17, 1988). Although the first statute does not take effect until May 7, 1990, the parties agreed to dismiss the cross-appeal under this Court's Rule 53. *Minnesota Newspaper Assn., Inc.* v. *Postmaster General,* 488 U. S. 998 (1989).

---

R. *Shapiro;* and for the Association of National Advertisers by *Burt Neuborne* and *Gilbert H. Weil.*

    P. *Cameron DeVore, Marshall J. Nelson, W. Terry Maguire, René P. Milam, Charles V. Hamm,* and *Jeanne S. Whiteing* filed a brief for the American Newspaper Publishers Association et al. as *amici curiae.*

In this Court, appellants now take the position that the statute does not apply to the noncommercial publishing of prize lists. Brief for Appellants 12, 14–30. In light of this concession, appellee, the original plaintiff in the case, states its willingness to forgo any further claim to the declaratory and equitable relief sought in its complaint. In these circumstances, we conclude that there is no longer any live controversy on the issue whether the statute is constitutional as it applies to prize lists, and that this appeal is moot. There is no justification for our retaining jurisdiction of a civil case where no real controversy is before us. *Deakins* v. *Monaghan*, 484 U. S. 193, 200–201 (1988). We therefore vacate the judgment below and remand for the District Court to dismiss the portions of the complaint remaining at issue on this appeal. See *id.*, at 200; *United States* v. *Munsingwear, Inc.*, 340 U. S. 36, 39–40 (1950).

*It is so ordered.*

JUSTICE WHITE and JUSTICE MARSHALL dissent.

JUSTICE STEVENS, dissenting.

In my opinion appellants' concession is a reason for affirming, rather than vacating, the judgment of the District Court insofar as it enjoins the Postmaster General from enforcing 18 U. S. C. § 1302 as applied to prize lists. I therefore respectfully dissent.