**Gregorio E. LIM, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
**Respondent.**

**No. 90–3377.**

United States Court of Appeals,
Federal Circuit.

Oct. 26, 1990.

Rehearing Denied Dec. 21, 1990.

Gregorio E. Lim, Pateros Metro Manila, Philippines, pro se.

Shallom Brilliant, David M. Cohen and Terrence Hartman, Dept. of Justice, Washington, D.C., for respondent.

Before LOURIE and RADER, Circuit Judges, and FRIEDMAN, Senior Circuit Judge.

**PER CURIAM.**

This is an appeal from the November 27, 1989, decision of the Merit Systems Protection Board ("Board"), Docket No. SE08318910704, affirming the decision of the Office of Personnel Management ("OPM"), denying petitioner an annuity under the Civil Service Retirement System. We vacate the Board's decision and remand to the Board for further proceedings.

**BACKGROUND**

Petitioner applied for a civil service retirement ("CSR") annuity. To be eligible for a CSR annuity, an employee must have completed five years of creditable civilian service. 5 U.S.C. § 8333(a) (1966). The Board found that petitioner had verifiable service for periods from May 25, 1947, to May 23, 1952; August 11, 1952, to August 31, 1952; December 7, 1953, to January 15, 1955; and March 17, 1955, to June 8, 1962. Of the above service, the Board found only the period from May 25, 1947, to May 23, 1952, to be creditable service for CSR purposes; the Board held that that service was insufficient to meet the statutory standard that, to be eligible for an annuity, an employee must "complete at least five years of civilian service."

Petitioner argued that, because May 24, 1952, and May 25, 1952, were weekend days, which were non-scheduled work days for him, he satisfied the five-year requirement. The Board did not discuss this argument, but apparently considered only the calendar to determine whether the total period during which petitioner was an em-

**1300**

ployee in civilian service was at least five years.

### DISCUSSION

The statute requires that petitioner have "complete[d] ... five years of civilian service," but does not define those terms. If petitioner's workweek ended on May 23, 1952, why had he not completed five years of service on that date? If he was not scheduled to work on the next two days, he had performed all the service necessary to complete five years of service.

The record shows that petitioner's service was terminated on May 23, 1952, due to a reduction in force. Reductions in force normally take place on a date that marks the end of a particular period, such as the last day of a fiscal year or a month. Sometimes they take place at the end of a workweek. Since this reduction in force took place in the middle of the month, the government may have treated May 23, 1952, as the end of petitioner's workweek. Since a year contains fifty-two weeks, if petitioner completed his fifty-second week of work on May 23, 1952, it would seem that on that date he also completed his fifth year of service and therefore became eligible for an annuity (if he met the other requirements).

The difficulty is that neither the Board nor OPM addressed any of these issues, and the Board made no findings respecting them. Specifically, we do not know whether in fact petitioner was not required to work on May 24 and 25 (although he asserts he was not), or whether his normal workweek was Monday through Friday. If the days on which he worked varied from week to week, his completion of five years of service might not properly turn on the coincidence of the days on which he was scheduled to work in the fifty-second week of his fifth work year. We know nothing about the reduction in force that led to the termination of petitioner's service on May 23, 1952, and at this late date it may be impossible to ascertain the facts relating to that event.

Moreover, since neither the Board nor OPM has given any explanation for its interpretation of the statute as requiring five calendar years of service, we have no basis to determine whether that interpretation is a "permissible" one. *Cf. Chevron U.S.A. v. Natural Resources Defense Council,* 467 U.S. 837, 843, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984). Thus, the Board's holding that because petitioner's service from 1947 to 1952 did not cover five calendar years, he was necessarily ineligible for an annuity, cannot stand.

### CONCLUSION

The Board's decision is vacated, and the case is remanded to the Board for further proceedings consistent with this opinion including, if the Board deems it appropriate, a remand to OPM for additional factual or legal analyses or determinations.

Costs to petitioner.

**VACATED and REMANDED.**