6 F.3d 787
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Bobby W. HORNBUCKLE, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 93-3252.
 United States Court of Appeals, Federal Circuit.
 Sept. 13, 1993.
 
 Before PLAGER and RADER, Circuit Judges, and WOODS, District Judge.*
 RADER, Circuit Judge.
 
 DECISION
 
 1
 Petitioner Bobby W. Hornbuckle appeals the September 22, 1992, Initial Decision of the Administrative Judge, No. DA0831920624I-1. The Merit Systems Protection Board denied review of the decision on February 12, 1993. Because the Board properly determined that Mr. Hornbuckle's appeal was moot, this court affirms.
 
 OPINION
 
 2
 This court sustains a Board decision unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988); Phillips v. United States Postal Serv., 695 F.2d 1389, 1390 (Fed.Cir.1982).
 
 
 3
 The Civil Service Retirement Act required Mr. Hornbuckle, a disability annuitant, to submit to periodic medical examinations. See 5 U.S.C. Sec. 8337(c) (1988). Under this requirement, Mr. Hornbuckle provided the Office of Personnel Management (OPM) reports on his medical condition. Based on this documentation, OPM determined that Mr. Hornbuckle had recovered. On July 20, 1992, OPM notified Mr. Hornbuckle that he no longer qualified for disability benefits under the Civil Service Retirement Act.
 
 
 4
 On August 13, 1992, Mr. Hornbuckle appealed OPM's medical recovery determination to the Board under 5 C.F.R. Sec. 831.502(d) (1992). On September 9, 1992, OPM moved to dismiss because further review of the medical evidence showed that Mr. Hornbuckle remained disabled. This determination entitled Mr. Hornbuckle to continue to receive disability retirement benefits. In response to OPM's motion to dismiss, the Board ordered Mr. Hornbuckle to show cause why the appeal should not be dismissed. Mr. Hornbuckle did not respond. The Board dismissed the appeal as moot.
 
 
 5
 The Board correctly determined that Mr. Hornbuckle's appeal was moot. Mr. Hornbuckle has presented no "legally cognizable interest" for maintaining his appeal. See Murphy v. Hunt, 455 U.S. 478, 481 (1982). Without a live controversy, an appeal is moot. Frank v. Minnesota Newspaper Assn., 490 U.S. 225, 227 (1989) (per curiam). It is not enough that a case or controversy existed earlier in the proceedings. Roe v. Wade, 410 U.S. 113, 125 (1973). Accordingly, this court affirms the decision of the Board.
 
 
 
 *
 Honorable George E. Woods, District Judge, Eastern District of Michigan, sitting by designation