16 F.3d 419
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Gregorio E. LIM, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 93-3322.
 United States Court of Appeals, Federal Circuit.
 Nov. 30, 1993.
 
 MSPB
 VACATED AND REMANDED.
 
 
 1
 RESPONDENT'S MOTION TO VACATE DECISION AND REMAND WITH
 
 DIRECTION TO DISMISS AS MOOT
 
 2
 The United States respectfully requests that this Court vacate the February 26, 1993 decision of the Merit Systems Protection Board (MSPB) in this case, and remand to the MSPB with direction to dismiss the case as moot. The grounds for this motion are as follows.
 
 
 3
 Petitioner Gregorio E. Lim seeks review of a decision of the MSPB which affirmed a decision of the Office of Personnel Management (OPM) denying Mr. Lim's application for an annuity under the Civil Service Retirement Act (CSRA). By letter dated November 10, 1993, however, OPM notified Mr. Lim that it had decided to award him the requested annuity. A copy of this letter is attached.
 
 
 4
 As stated in more detail in OPM's informal brief, filed September 2, 1993, the grounds for OPM's original denial of Mr. Lim's application were that Mr. Lim had not completed five years of creditable Federal service ending in separation from a position subject to the CSRA. After OPM's decision was affirmed by the MSPB, Mr. Lim sought review in this Court (No. 90-3377). This Court, noting that the petitioner had completed fifty-two weeks of work when he was separated from the Federal service on May 23, 1952, vacated and remanded the MSPB decision for an "explanation for [the] interpretation of the statute as requiring five calendar years of service." Lim v. Office of Personnel Management, 917 F.2d 1299, 1300 (Fed.Cir.1990). The MSPB, in turn, remanded the case to OPM, which again denied Mr. Lim's request for an annuity. Mr. Lim again appealed to the MSPB, and the MSPB again affirmed. During the pendency of this appeal, however, OPM issued the attached reconsideration decision letter, advising Mr. Lim that he would be awarded the requested annuity based upon his May 23, 1952 separation.
 
 
 5
 Article III of the United States Constitution requires that there be a live case or controversy at the time that a Federal court of appeals decides a case; it is not enough that there may have been a live case or controversy when the case was decided below. Frank v. Minnesota Newspaper Assn., 490 U.S. 225, 227 (1989) (per curiam); Burke v. Barnes, 479 U.S. 361, 363 (1987); Roe v. Wade, 410 U.S. 113, 125 (1973); Powell v. McCormack, 395 U.S. 486, 496-97 (1969); Sacilor, Acieries et Laminoirs de Lorraine v. United States, 815 F.2d 1488, 1491 (Fed.Cir.1987).
 
 
 6
 When Mr. Lim filed his petition in this Court, the petition presented a case or controversy concerning whether OPM erred in determining that Mr. Lim was not entitled to an annuity. On November 10, 1993, however, OPM decided to award the annuity in question. As a result, the parties lack a legally cognizable interest in the outcome of the case, and the case is moot. E.g., Powell v. McCormack, 395 U.S. at 496-97.
 
 
 7
 When a case is rendered moot on appeal, the decision below should be vacated with directions to dismiss the action as moot. United States v. Munsingwear, Inc., 340 U.S. 36, 39-40 (1950); Duke Power Co. v. Greenwood County, 299 U.S. 259, 267 (1936); Smith International, Inc. v. Hughes Tool Co., 839 F.2d 663, 664 (Fed.Cir.1988); Texas Instruments Inc. v. International Trade Commission, 851 F.2d 342, 344 (Fed.Cir.1988).
 
 CONCLUSION
 
 8
 For the foregoing reasons, the United States respectfully requests that this Court vacate the February 26, 1993 decision of the MSPB and remand the case to the MSPB with directions to dismiss the action as moot.
 
 Respectfully submitted, FRANK W. HUNGER
 Assistant Attorney General
 DAVID M. COHEN
 Director
 
 9
 /s/ James M. Kinsella
 
 JAMES M. KINSELLA
 Assistant Director
 
 10
 /s/ Shalom Brilliant
 
 SHALOM BRILLIANT
 Senior Trial Counsel
 Commercial Litigation Branch
 Civil Division
 Department of Justice
 Attn: Classification Unit
 2nd Floor, Todd Building
 Washington, D.C. 20530
 Telephone: (202) 514-7300
 Attorneys for Respondent
 OF COUNSEL:
 LORRAINE LEWIS
 General Counsel
 BARBARA MATTHEWS-BECK
 Attorney
 Office of Personnel Management
 Washington, D.C. 204514
 ATTACHMENT
 Office of Personnel Management
 Nov. 10, 1993
 Gregorio E. Lim
 705 T. Sulit Street
 Pateros, Metro Manila
 Philippines
 Dear Mr. Lim:
 
 11
 This is in further reply to your request for reconsideration of your entitlement to Civil Service annuity benefits based on your Federal service. In order to initiate a settlement of this matter, our legal staff has determined that we will award Civil Service annuity based on your separation on May 23, 1952, when you were under retirement coverage.
 
 
 12
 Your annuity will commence effective December 24, 1980, and include credit for service from May 25, 1947 to April 29, 1950, April 30, 1950 to May 23, 1952, and 2 days added as part of the settlement.
 
 
 13
 This is the final decision of the Office of Personnel Management.
 
 
 14
 Thank you for your patience while we were resolving this matter.
 
 
 15
 Sincerely,
 
 
 16
 /s/ Richard J. Ibersberry
 
 
 17
 for William C. Jackson, Chief
 
 Reconsideration Division
 
 18
 cc: Barbara Matthews-Beck
 
 Office of the General Counsel