[PUBLISH]

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-12729

_____

NORWEGIAN CRUISE LINE HOLDINGS LTD,
a Bermuda Company,
NCL (BAHAMAS), LTD.,
a Bermuda Company agent of Norwegian Cruise Line,
SEVEN SEAS CRUISES S. DE R.L. LLC,
d.b.a. Regent Seven Seas Cruises,
OCEANIA CRUISES S. DE R.L.,
d.b.a. Oceania Cruises,

Plaintiffs-Appellees,

versus

STATE SURGEON GENERAL,
Florida Department of Health, in his official capacity,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cv-22492-KMW

_____

Before WILLIAM PRYOR, Chief Judge, ROSENBAUM, and BRASHER, Circuit Judges.

WILLIAM PRYOR, Chief Judge:

We must consider whether this appeal of a preliminary injunction is moot. Norwegian Cruise Lines Ltd. obtained the injunction barring the Florida Surgeon General from enforcing a prohibition against businesses requiring proof of vaccination as a condition of service. But Norwegian recently filed a suggestion of mootness stating that it no longer requires proof of vaccinations on its cruises. Yet, Norwegian's filings make clear that it has not suspended its vaccination requirements permanently or categorically. It also continues to defend its entitlement to equitable relief by asking us to leave the preliminary injunction intact. Based on these filings, Norwegian has not met its heavy burden of establishing that this appeal is moot.

## I. BACKGROUND

In July 2021, Norwegian challenged the enforcement of a Florida law prohibiting any business operating in the state from "requir[ing] patrons or customers to provide any documentation

certifying COVID-19 vaccination." FLA. STAT. § 381.00316(1). *See generally Norwegian Cruise Line Holdings Ltd. v. State Surgeon Gen.*, 50 F.4th 1126 (11th Cir. 2022). Norwegian argued that the state statute violated the First Amendment and Dormant Commerce Clause. And it moved to enjoin the Surgeon General from enforcing the statute against Norwegian and to obtain a "declaration that [the statute] is unlawful as applied to" Norwegian.

The district court preliminarily enjoined the Surgeon General "from enforcing [the statute] against [Norwegian] pending resolution of the merits of this case." Florida appealed, and Norwegian defended the preliminary injunction. We heard oral argument in May 2022.

On October 4, Norwegian filed a "suggestion of mootness," which we construed as a motion to dismiss the appeal as moot. Norwegian simultaneously filed a motion for an indicative ruling in the district court to lift the preliminary injunction. Norwegian maintained that it had "remov[ed] all COVID-19 testing, masking and vaccination requirements for its cruises." (Citation and internal quotation marks omitted). As a result, Norwegian argued that the appeal was "likely moot." Florida responded and opposed Norwegian's suggestion of mootness. On October 6, we issued a published opinion vacating the preliminary injunction on the merits. *See Norwegian*, 50 F.4th at 1130. We withheld the mandate and requested supplemental briefing on whether the appeal was moot.

Norwegian continued to argue that the appeal is moot. It stated that the "dissipation of the COVID-19 pandemic" had

allowed it to "relax[] . . . [its] institutional protocols" and remove its vaccination requirements. It argued that these "changed circumstances" ended a "live controversy" between the parties. Norwegian acknowledged that its revised policy "does not supersede country specific requirements," meaning that should a country reimpose a vaccine mandate, Norwegian would too. But it maintained that "no country-specific requirements have implicated any cruises departing from Florida."

In its supplemental briefing, Norwegian abandoned its suggestion that the preliminary injunction should be lifted. Norwegian instead argued that the preliminary injunction should remain in place. Norwegian stated that "[t]his appeal should be dismissed *without* vacating the district court's order." (Emphasis added) It doubled down on that position in its reply brief by maintaining that we should leave the preliminary injunction "undisturbed." And Norwegian has never moved to dismiss the underlying case. Although Norwegian has argued that this *appeal* is moot and should be dismissed, Norwegian has not moved to dismiss the *action*.

The Surgeon General responded that the appeal is not moot. He argued that "Norwegian has not entirely rescinded its vaccination documentation policy" because Norwegian "g[ave] no assurances that [it] will not reimplement the policy with full force" and its removal of the vaccination requirements was "not categorical." The Surgeon General pointed out that Norwegian still maintained the authority to "den[y] boarding if all country specific requirements are not met." He also argued that Norwegian, "[a]s the

prevailing party in the district court, [could not] voluntarily rescind its offending policy to moot [the] appeal" and preserve the judgment in its favor below.

## II. DISCUSSION

This dispute concerns the "constitutional command that the federal judiciary hear only 'Cases' and 'Controversies.'" *Vital Pharms., Inc. v. Alfieri*, 23 F.4th 1282, 1288 (11th Cir. 2022) (quoting U.S. CONST. art. III, § 2). "[B]ecause a case or controversy must exist throughout all stages of litigation, we must ensure—up until the moment our mandate issues—that intervening events have not mooted the appeal . . . ." *Id.* (internal quotation marks and citations omitted). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). The "party seeking dismissal," *World Wide Supply OU v. Quail Cruises Ship Mgmt.*, 802 F.3d 1255, 1259 (11th Cir. 2015) (internal quotations omitted), bears the "heavy" "burden" of establishing mootness, *Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979). For the following reasons, Norwegian has not met that heavy burden.

We agree with the Surgeon General that a "live dispute" exists because Norwegian has not established that it has relaxed its vaccination requirements permanently or categorically. "The possibility that [a party] may change its mind in the future is sufficient to preclude a finding of mootness." *United States v. Generix Drug*

*Corp.*, 460 U.S. 453, 456 n.6 (1983). Norwegian has offered no evidence of its vaccine policies or its intentions for the future beyond the boilerplate statement that it is not requiring COVID-19 vaccination "for now and for the foreseeable future." Indeed, Norwegian appears to concede that it "has not 'abolished its policy forevermore.'" We see no reason to believe that Norwegian will not seek to reinstate its policy given its continued insistence that the Florida law is unconstitutional. *See Jager v. Douglas Cnty. Sch. Dist.*, 862 F.2d 824, 833–34 (11th Cir. 1989) (finding no mootness when defendants "never promised not to resume the prior practice" and "continue[d] to press on appeal that the voluntarily ceased conduct should be declared constitutional"). For all we know, with COVID-19 cases currently rising, Norwegian may do so.

Norwegian's removal of its vaccination requirements is also not categorical, which reduces the likelihood that its protocols have been permanently changed. As the Surgeon General argues, and Norwegian concedes, the revised policy "does not supersede country specific requirements." Norwegian will defer to other countries as to whether proof certifying COVID-19 vaccination is required on its cruises—a decision outside its control.

We have held that an appeal is not moot where the defendant might exercise its "discretion to change its policy" back while continuing to press the old policy's validity. *ACLU v. Fla. Bar*, 999 F.2d 1486, 1494–95 (11th Cir. 1993). So it is here. Given that Norwegian has acknowledged that it must change its vaccine protocols to accommodate "country specific requirements," it has necessarily

asserted discretion to reimpose its vaccination requirements. Only one country that Norwegian visits needs to require vaccines for it to do so. Given the rapidly shifting nature of the pandemic, Norwegian has not persuaded us that it is an "exceedingly remote" possibility that some countries—and, thus, Norwegian—will reimpose vaccine requirements.

Norwegian's filings establish that the appeal is not moot. Norwegian has never argued that the *case* itself is moot. That is, Norwegian has not expressed any intent to dismiss the action were we to remand. Norwegian has had multiple opportunities to clarify its position. After Norwegian stated in its "suggestion of mootness" that it would move to lift the stay, we asked the parties for supplemental briefing. Norwegian told us in both of its supplemental briefs that the preliminary injunction should not be vacated. Norwegian stated that the injunction should be left "undisturbed." *Cf. Frank v. Minn. Newspaper Ass'n, Inc.*, 490 U.S. 225, 227 (1989) (finding an appeal moot when "appellee, the original plaintiff in the case, state[d] its willingness to forego any further claim to the declaratory and equitable relief sought in its complaint"). We take Norwegian at its word.

How can it be that a case Norwegian does not want dismissed involving a preliminary injunction that Norwegian does not want vacated is moot? Norwegian has offered no explanation for this position. The most plausible one is that Norwegian believes there is a reasonable chance it will reinstate its vaccination policy and benefit from the preliminary injunction.

Our dissenting colleague maintains that the appeal is moot because Norwegian told the district court "that the preliminary injunction should now be lifted." Dissenting Op. at 12; *see also* Dissenting Op. at 6–7. But the district court denied Norwegian's motion in the light of our decision on the merits. After all, this matter was on appeal and there had been no docket activity in the district court since October 2021. When the district court denied Norwegian's motion for an indicative ruling, Norwegian could have asked us to vacate the preliminary injunction. It did the opposite. It suggested we should leave the preliminary injunction "undisturbed."

For similar reasons, even if Norwegian's conduct otherwise met the criteria for mootness, the voluntary cessation exception to mootness applies. A case is moot when "there is no reasonable expectation that the wrong will be repeated." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (citation omitted). So, the "[m]ere voluntary cessation of allegedly illegal conduct does not moot a case." *Troiano v. Supervisor of Elections*, 382 F.3d 1276, 1282 (11th Cir. 2004) (citation omitted). If it did, parties could evade our jurisdiction and remain "free to return to [their] old ways." *Id.* at 1282–83 (citation omitted). To moot an appeal, the party that voluntarily ceased the challenged conduct must make it "absolutely clear that the . . . behavior could not reasonably be expected to recur." *United States v. Concentrated Phosphate Exp. Ass'n., Inc.*, 393 U.S. 199, 203 (1968); *see also City of Erie*, 529 U.S. at 288. Otherwise, the appeal is not moot.

Norwegian has not established that it is "absolutely clear" that it will not reimpose the vaccine protocols on its cruises. *Concentrated Phosphate Export Ass'n*, 393 U.S. at 203. Norwegian has not permanently abolished the challenged policy and maintains the discretion to reinstate it at the whims of various destination countries. Norwegian continues to insist that its vaccination requirements were valid. *Jager*, 862 F.2d at 833–34. And it adopts the highly unusual position that the preliminary injunction should continue to bind the Surgeon General, while never suggesting that the action should be dismissed. These filings do not make it "absolutely clear" that Norwegian will not reimpose a vaccine requirement on its cruises. If anything, they suggest the opposite inference.

Norwegian and the dissent resist this conclusion by suggesting that the voluntary cessation exception does not apply to plaintiffs in these circumstances. Dissenting Op. at 9. Not so. In *City of Erie v. Pap's A.M.*, the Supreme Court held that a case was not moot based on the plaintiff's cessation of its challenged conduct. 529 U.S. at 288. There, a business challenged the constitutionality of a municipal ordinance banning public nudity and obtained an injunction against its enforcement. *Id.* at 283–86. But after the Supreme Court granted certiorari, the business moved to dismiss the case as moot and submitted an affidavit that it was no longer operating as a nude dancing club. *Id.* at 287. The Supreme Court denied the motion. *Id.*

The Supreme Court acknowledged that "this [was] not a run of the mill voluntary cessation case," because it was the "plaintiff

who, having prevailed below, now seeks to have the case declared moot." *Id.* at 288. But the Supreme Court concluded that the appeal was not moot under the voluntary cessation exception. It held that—although the business no longer existed, its building had been sold to a real estate developer, and the 72-year-old owner swore that he had no interest in reopening the business—the business had not established that it was "absolutely clear" that it would not "resum[e] operations." *Id.*; *see also id.* at 302–03 (Scalia, J., concurring in the judgment). The Supreme Court concluded that the business maintained "a concrete stake in the outcome of this case because, to the extent [the business] ha[d] an interest in resuming operations, it ha[d] an interest in preserving the judgment of the [court below]." *Id.* at 288. The Supreme Court also held that "[t]he city ha[d] an ongoing injury because it [wa]s barred from enforcing" its ordinance due to the injunction. *Id.*

At least one of our sister circuits has applied the *City of Erie* framework and found an appeal not moot, even when the plaintiff voluntarily ceased the challenged conduct. In *Borden v. School District of the Township of East Brunswick*, a high school football coach sued the local school district and sought a declaration that the district's policy prohibiting faculty participation in student-initiated prayer was unconstitutional. 523 F.3d 153, 158–59 (3d Cir. 2008). The district court sided with the coach and entered judgment in his favor. *Id.* at 164. On appeal, the coach argued that the case became moot because he "only sought relief for the 2006

season" and "his coaching contract [wa]s subject to annual re-newal." *Id.* at 164 n.6. The Third Circuit disagreed.

Citing *City of Erie*, the Third Circuit concluded that the appeal "contains the factors necessary to warrant a finding that it is not moot." *Id.* First, because the coach was a tenured teacher who had been rehired for the previous twenty-five years, the Third Circuit concluded that he had not made it absolutely clear that he would cease the challenged conduct. *Id.* The coach "continue[d] to have an interest in the . . . case." *Id.* Second, the school district had an "ongoing injury" because the district court had issued a declaratory judgment invalidating the school district's policy. *Id.* The Third Circuit concluded the case was not moot. *Id.*

This case also contains both elements necessary to find that it is not moot. Because Norwegian has not established that it is "absolutely clear" that it will not reimpose the vaccine protocols on its cruises, Norwegian has "a concrete stake in the outcome of this case." *City of Erie*, 529 U.S. at 288. In the event Norwegian requires passengers on its cruises to present documentation of their vaccination status, it "has an interest in preserving the judgment of the" district court. *Id.* Reflecting this "interest," Norwegian continues to defend its entitlement to equitable relief. The Surgeon General also has an ongoing injury. Because Norwegian has not "forgo[ne] . . . [its] claim to the declaratory and equitable relief," *Frank*, 490 U.S. at 227, the Surgeon General cannot enforce the state statute against Norwegian and is "under the weight of an adverse judgment," *City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 284

(2001). Both sides have the requisite interest to bar a finding of mootness.

The voluntary cessation doctrine is designed to "prevent[] litigants from attempting to manipulate the Court's jurisdiction to insulate a favorable decision from review." *City of Erie*, 529 U.S. at 288. Ordinarily, defendants have this incentive. If not for the voluntary cessation doctrine, defendants could promise to stop the challenged practice, moot the case, and then "return to [their] old ways." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (citation omitted). But, as *City of Erie* illustrates, in cases in which the plaintiff obtains an injunction against a defendant, the roles reverse on appeal. With an injunction in place, the plaintiff has the incentive to temporarily cease its practice to moot the appeal and leave the injunction intact, before returning to its "old ways." *Id.*

This appeal presents a textbook application of that strategy. With the case on the eve of decision, Norwegian told us it will stop requiring passengers to present proof of their vaccination status and filed a suggestion of mootness. But it continues to defend the preliminary injunction on the merits and asks us to leave it intact. All the while, it maintains the discretion to reimpose vaccine requirements. Norwegian, in short, has done little—certainly far less than the business in *City of Erie*—to convince us that it is absolutely clear that it will not reimpose its vaccine requirements. As a result, we conclude that the appeal is not moot.

## III. CONCLUSION

We **DENY** the motion to dismiss the appeal as moot.

21-12729          ROSENBAUM, J., Dissenting                    1

ROSENBAUM, Circuit Judge, dissenting:

An appeal is moot when an appellate court cannot award the prevailing party any meaningful relief. This is an appeal from an order preliminarily enjoining Florida from enforcing Florida Statute § 381.00316(1), which prohibits businesses from requiring their customers to present proof of vaccination, against Norwegian.[1] But two days before we issued our opinion in this appeal, Norwegian asked the district court to lift the preliminary injunction. As a result, we could no longer award either party meaningful relief, and this appeal was moot before our opinion issued.

The Majority Opinion's contrary conclusion depends entirely on smoke and mirrors. Although the Majority Opinion insists that Norwegian wishes for the preliminary injunction to "remain in place," Maj. Op. at 4, Norwegian told the district court "that the preliminary injunction should now be lifted." ECF No. 53 ¶ 5. And while the Majority Opinion now characterizes Norwegian's vaccine policy as "the challenged policy," Maj. Op. at 9, Norwegian was the plaintiff here, and it's difficult to imagine how it could make a constitutional challenge to its own policy. Indeed, the Majority Opinion addressing the merits in this appeal previously conceded that Florida's statute (not Norwegian's vaccine

---

[1] I use "Norwegian" to refer collectively to the plaintiff-appellants: Norwegian Cruise Line Holdings Ltd.; NCL (Bahamas) Ltd., d/b/a Norwegian Cruise Line; Seven Seas Cruises S. De. R.L., d/b/a Regent Seven Seas Cruises; and Oceana Cruises S. De R.L., d/b/a Oceana Cruises.

policy) is the challenged practice in this case. *See Norwegian Cruise Line Holdings Ltd. v. State Surgeon Gen.*, 50 F.4th 1126, 1130 (11th Cir. 2022) (Pryor, C.J.) ("This appeal concerns whether a Florida statute . . . violates the Free Speech and Commerce Clauses of the Constitution.").

When we dispense with the Majority Opinion's counterfactual, the mootness analysis in this case is simple:  Once Norwegian asked the district court to lift the preliminary injunction, our Court could no longer award Florida any relief.  Indeed, the only relief we ever could have awarded Florida in this appeal was an order vacating the district court's preliminary injunction.  And if we did that and Norwegian later reimposed its vaccine policy, the company would face fines under Florida Statute § 381.00316(4)—just like it would if it reinstituted its vaccine policy after the district court lifted the preliminary injunction in accordance with Norwegian's request.  So any decision on the merits of this appeal cannot affect the litigants' rights.  "That kind of advisory opinion is beyond the power of federal courts." *Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1269 (11th Cir. 2020) (Pryor, C.J.).

Insisting that this appeal is not moot, the Majority Opinion asserts that Norwegian "has not suspended its vaccination requirements permanently or categorically."  Maj. Op. at 2; *see also id.* at 5.  But that assertion is a red herring.  In this case, where all that is at issue is the constitutionality of Florida's statute, we cannot grant Florida relief by requiring Norwegian to suspend its vaccination requirements permanently or categorically.  So whether Norwegian

might later reimpose its vaccine policy is therefore irrelevant to the mootness analysis.

It is equally irrelevant to the question of whether this appeal is moot that Norwegian urged us to address the second-order question—whether, if this appeal is moot, we should vacate the district court's preliminary-injunction order—by declining to vacate the district court's order. The question of whether an appeal is moot is separate and distinct from the question of whether, when an appeal is moot, the district court's order should be vacated.

When interlocutory appeals (like this one) become moot before we can rule on them, our "usual practice is just to dismiss the appeal as moot and not vacate the order appealed from." *Democratic Exec. Comm. of Fla. v. Nat'l Republican Senatorial Comm.*, 950 F.3d 790, 795 (11th Cir. 2020) (quoting *Brooks v. Ga. State Bd. of Elections*, 59 F.3d 1114, 1122 (11th Cir. 1995)). So it's no surprise that Norwegian has asked us to follow that course here. And as in other appeals from interlocutory orders that have become moot before we can rule on them, Norwegian's argument about vacatur doesn't mean, contrary to the Majority Opinion's suggestion, that Norwegian wants the *preliminary injunction* to remain in place. Rather, Norwegian is simply asking us not to vacate the order that previously imposed the preliminary injunction, which Norwegian has since asked the district court to lift.

That said, vacatur is an equitable remedy, meaning the decision whether to vacate turns on the circumstances in each case. Because Norwegian mooted this appeal unilaterally—*i.e.*, by

asking the district court to lift the preliminary injunction—after prevailing in the district court, Supreme Court precedent requires us to vacate the district court's opinion. Therefore, I would both find that this appeal is moot and vacate the district court's opinion.

Because the Majority Opinion's conclusion to the contrary eviscerates this Court's Article III jurisprudence, I respectfully urge the Court to rehear this matter en banc.

## I.

This lawsuit arose when Norwegian sued Florida, seeking a declaration that Florida Statute § 381.00316 is unlawful and an injunction preventing Florida from enforcing that law against Norwegian. The district court granted Norwegian's motion for a preliminary injunction, enjoining Florida from "enforcing Section 381.00316 against [Norwegian] pending the resolution of the merits of this case." *Norwegian Cruise Line Holdings, Ltd. v. Rivkees*, 553 F. Supp. 3d 1143, 1180 (S.D. Fla. 2021). Florida then appealed.

On October 3, 2022, NCL "remov[ed] all COVID-19 testing, masking and vaccination requirements effective Oct. 4, 2022."[2] The next day, Norwegian filed a motion for an indicative ruling in

---

[2] Press Release, Norwegian Cruise Line, Norwegian Cruise Line to Eliminate COVID-19 Testing, Masking and Vaccination Requirements Beginning Oct. 4, 2022 (Oct. 3, 2022), https://www.ncl.com/newsroom/norwegian-cruise-line-to-eliminate-covid-19-testing-masking-and-vaccination-requirements-beginning-oct-4-2022.

21-12729                ROSENBAUM, J., Dissenting                5

the district court,[3] asking the district court to lift its preliminary injunction. ECF No. 53. In that motion, Norwegian explained that the district court "preliminarily enjoined a statute that prohibits a business practice that NCL[] is no longer engaging in, for now and the foreseeable future." *Id.* ¶ 5. On the same day, Norwegian filed a "suggestion of mootness" in this Court, which we construed as a motion to dismiss the appeal as moot.

But two days after NCL filed its motion asking the district court to lift the preliminary injunction, we issued a published opinion vacating the preliminary injunction on the merits. *See Norwegian Cruise Line Holdings Ltd.*, 50 F.4th at 1126. We then withheld the mandate and asked the parties to submit briefs addressing whether this appeal was moot when our opinion issued.

## II.

---

[3] When a litigant moves in the district court while "an appeal" is "docketed and is pending," Federal Rule of Civil Procedure 62.1(a)(3) authorizes a district court to issue an indicative ruling, stating "that it would grant the motion if the court of appeals remands for that purpose . . . ." When a district court "states that it would grant" such a motion, the Federal Rules of Appellate Procedure permit a court of appeals "to remand for further proceedings" while retaining jurisdiction over the appeal. FED. R. APP. P. 12.1(b); *see also Carver Middle Sch. Gay-Straight All. v. Sch. Bd. of Lake Cnty.*, 842 F.3d 1324, 1331 (11th Cir. 2016) (W. Pryor, J.) ("When an appeal presents a contested issue of mootness, we have allowed the district court the opportunity to address that issue first.").

The Constitution limits the power of federal courts to deciding only "[c]ases" and "[c]ontroversies." U.S. Const. art. III, § 2. That limit on our power "goes to the heart of our constitutional doctrine of the separation of powers and the proper role of the judiciary." *Djadju v. Vega*, 32 F.4th 1102, 1108 (11th Cir. 2022) (quoting *Troiano v. Supervisor of Elections*, 382 F.3d 1276, 1282 (11th Cir. 2004)). Among the rules that enforce that limit on our power is the doctrine of mootness. *Id.*

The doctrine of "mootness concerns the availability of relief," *Wood v. Raffensperger*, 981 F.3d 1307, 1317 (11th Cir. 2020) (Pryor, C.J.) (citation omitted), meaning that an issue becomes moot when "it no longer presents a live controversy with respect to which the court can give meaningful relief." *Id.* at 1316 (quoting *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011)); *see also, e.g.*, *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (explaining that a case becomes moot "when it is impossible for a court to grant any effectual relief whatever to the prevailing party" (quoting *Knox v. Serv. Emps.*, 567 U.S. 298, 307 (2012))); *Djadju*, 32 F.4th at 1108 (explaining that an appeal becomes moot when the court cannot grant an "appellant meaningful relief" (quoting *Troiano*, 382 F.3d at 1282)).

This appeal is moot because we are unable to grant either party any relief. After the district court preliminarily enjoined Florida from enforcing Section 381.00316 against Norwegian, Florida appealed, seeking relief in the form of an order from this Court vacating the district court's order and permitting Florida to enforce

21-12729            Rosenbaum, J., Dissenting            7

its law against Norwegian.  But Norwegian asked the district court to lift the preliminary injunction while Florida's appeal was pending before us.  ECF No. 53.  And from that point forward, assuming the district court would have granted Norwegian's request and lifted the preliminary injunction,[4] Florida could have enforced its law against Norwegian.  So once Norwegian asked the district court to lift the preliminary injunction, this appeal stopped presenting a "live controversy with respect to which" this Court could have "give[n] meaningful relief."  *Wood*, 981 F.3d at 1316.

Even granting the Majority Opinion's speculation that Norwegian "has not suspended its vaccination requirements permanently or categorically," Maj. Op. at 2; *see also id.* at 5, that fact says nothing about whether this appeal is moot.  We can award no relief in this appeal that will prevent Florida from "permanently or categorically" suspending its vaccine requirements.  This appeal only ever presented us with a binary choice for relief:  Either affirm the district court's preliminary injunction, thus enjoining Florida from enforcing its law against Norwegian, or vacate the district court's preliminary injunction, thus allowing Florida to enforce its law

---

[4] To the extent that this assumption is contestable, the appropriate step is to "remand to the district court" and permit it to rule on Norwegian's request to lift the preliminary injunction. *Carver Middle Sch. Gay-Straight All.*, 842 F.3d at 1331 (W. Pryor, J.) ("When an appeal presents a contested issue of mootness, we have allowed the district court the opportunity to address that issue first."); *see also infra* n.3.

against Norwegian. Neither choice would require Norwegian to "permanently or categorically" suspend its vaccine requirements.

To be sure, Norwegian would face fines under Section 381.00316(4) if we reversed the district court's preliminary injunction and Norwegian later reimposed its vaccine policy. But as I've noted, the result would be the same once the district court granted Norwegian's request to lift the preliminary injunction. ECF No. 53. And even if we affirmed the district court's preliminary injunction, the result would still be the same because, again, Norwegian has asked the district court to lift the preliminary injunction. In short, "a decision by this court affirming or vacating the defunct injunction cannot affect the rights of the litigants." *Vital Pharms., Inc. v. Alfieri*, 23 F.4th 1282, 1289 (11th Cir. 2022) (Pryor, C.J.) (quoting *United States v. Sec'y, Fla. Dep't of Corr.*, 778 F.3d 1223, 1229 (11th Cir. 2015)). So a decision either way would be purely advisory.

It's no response at all to say, as the Majority Opinion does, that "the district court denied Norwegian's request to lift the preliminary injunction in light of our decision on the merits." Maj. Op. at 8. For starters, the district court denied the motion for indicative ruling *solely because* we issued our opinion.[5] *See* ECF No. 55. Not only that but the Majority Opinion's response merely begs

---

[5] So to state the obvious, the district court's order leaves no basis for concluding that the district court would have denied Norwegian's motion for indicative ruling on the merits.

21-12729          ROSENBAUM, J., Dissenting          9

the question because it assumes we can resurrect an appeal that is otherwise moot by issuing an opinion addressing the appeal's merits. Worse still, that response concedes that this appeal was moot when our opinion issued. And it posits that the appeal suddenly awoke from the dead like some type of zombie eight days later, when the district court denied Norwegian's request to lift the preliminary injunction as moot because our merits decision rendered the motion moot. This type of circular reasoning cannot provide jurisdiction where none exists.

Nor does the voluntary-cessation exception to the mootness doctrine apply. Maj. Op. at 8–12. The voluntary-cessation doctrine holds "that 'a *defendant's* voluntary cessation of a *challenged practice* does not deprive a federal court of its power to determine the legality of the practice.'" *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (emphasis added) (quoting *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982)). But Norwegian is not a defendant, and its vaccine policy is not the challenged practice in this case, regardless of what the Majority Opinion says now. *See* Maj. Op. at 9 (characterizing Norwegian's vaccine policy as "the challenged policy"). Indeed, the Majority Opinion addressing the merits in this appeal conceded as much: "This appeal concerns whether a Florida statute that prohibits all businesses operating in the state from requiring customers to provide documentary proof that they are vaccinated against COVID-19 *violates the Free Speech and Commerce Clauses of the Constitution.*" *Norwegian Cruise Lines Holdings Ltd.*, 50 F.4th at

10                    ROSENBAUM, J., Dissenting                    21-12729

1130 (emphasis added).  Rather than asking us "to determine the legality" of Norwegian's vaccine policy, this appeal required us "to determine the legality" of Section 381.00316(1).

Resisting this conclusion, the Majority Opinion claims that the voluntary-cessation doctrine can apply to a plaintiff under these circumstances.  Maj. Op. at 9–11.  To support that claim, the Majority Opinion cites the Supreme Court's decision in *City of Erie v. Pap's A.M.*, 529 U.S. 277 (2000).  There, a municipality in Pennsylvania enacted an ordinance banning public nudity.  *Id.* at 283.  The plaintiff, a nude-dancing establishment located in the municipality, challenged the ordinance in state court, arguing that it violated the First Amendment.  The Pennsylvania Supreme Court agreed and invalidated parts of the ordinance.  *Id.* at 286.  After the Supreme Court granted the petition to review the state-court judgment, the appellee-plaintiff submitted an affidavit asserting that it had ceased operating a nude dancing establishment in the municipality and, on that basis, asserted that the case was moot.  *Id.* at 287.  But the Supreme Court disagreed, explaining that the municipality had an "ongoing injury" because the state-court judgment "barred" the city "from enforcing the public nudity provisions of its ordinance." *Id.* at 288.  "If the challenged ordinance is found constitutional," the Court explained, then the appellant-municipality could "enforce it, and the availability of such relief is sufficient to prevent the case from becoming moot." *Id.*

But this appeal differs materially from *City of Erie* because we cannot grant any relief that will prevent this appeal from

becoming moot.  The district court's preliminary injunction here prohibits Florida from enforcing Section 381.00316(1) against only Norwegian and its subsidiaries.  *See Rivkees*, 553 F. Supp. 3d at 1180.   But Norwegian has asked the district court to lift the preliminary injunction, so Florida would no longer be enjoined from enforcing its law against even Norwegian and its subsidiaries.

In contrast, the state-court judgment in *City of Erie* invalidated the municipality's nudity provisions altogether, meaning that the municipality could not enforce its ordinance against anyone—the appellee-plaintiff there or anyone else.  *See City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 284 (2001) ("[H]ad we declared *Erie* moot, the defendant municipality would have been saddled with an 'ongoing injury,' *i.e.*, the judgment striking its law."  (citing *City of Erie*, 529 U.S. at 288)).

Given that Norwegian has asked the district court to lift the preliminary injunction, Florida (unlike the municipality in *City of Erie*) has no ongoing injury at all.  In *City of Erie*, the Supreme Court emphasized that a favorable decision would once again enable the defendant-municipality to enforce its law, "and the availability of such relief [was] sufficient to prevent the case from becoming moot."  529 U.S. at 288.  But here, dismissing Florida's appeal as moot would not leave the state burdened with the district court's preliminary injunction because, as I've noted, Norwegian asked the district court to lift that preliminary injunction.  *See City News & Novelty*, 531 U.S. at 283 (distinguishing *City of Erie* since

"dismissal" for mootness would "not keep" the municipal defendant "under the weight of an adverse judgment").

In sum, this appeal from the district court's order granting Norwegian a preliminary injunction became moot when Norwegian told the district court "that the preliminary injunction should now be lifted." ECF No. 53 ¶ 5.

## III.

Concluding that this appeal is moot does not end the matter; the Supreme Court's decision in *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950), "always requires appellate courts to consider whether vacatur is appropriate when the requirements of Article III are no longer met because one party is no longer able to obtain relief on the merits." *Democratic Exec. Comm. of Fla.*, 950 F.3d at 794.

As for this issue, Florida and Norwegian both agree on two general propositions. First, when an appeal becomes moot before we can rule on it, we generally dismiss the appeal and vacate the underlying judgment. *See* Fla.'s Suppl. Letter Resp. at 9 (citing *Sec'y, Fla. Dep't of Corr.*, 778 F.3d at 1229–30); Norwegian's Suppl. Letter Reply at 9–10. Second, in cases involving appeals from preliminary injunctions, this court's "usual practice" is to dismiss the appeal without vacating the underlying district court order. Fla.'s Suppl. Letter Resp. at 9 (citing *Brooks*, 59 F.3d at 1122); Norwegian's Suppl. Letter Br. at 9–10 (quoting *Brooks*, 59 F.3d at 1122). As far as vacatur goes, the parties disagree about only which of

21-12729              ROSENBAUM, J., Dissenting              13

these two general propositions applies if we find that this appeal is moot.

The Majority Opinion, on the other hand, muddies the waters, insisting that Norwegian's vacatur-related arguments prove that the company wishes for the preliminary injunction to "remain in place." Maj. Op. at 4. In so doing, the Majority Opinion conflates the question of mootness with the second-order question—whether, when an appeal is moot, to vacate the underlying district court judgment. But make no mistake: As far as the question of mootness is concerned, Norwegian told the district court "that the preliminary injunction should now be lifted." ECF No. 53 ¶ 5. From that point forward, we could not issue any decision affecting the litigants' rights. The only question that remains is whether to vacate the district court's judgment.

And that question is an easy one in this case because Supreme Court precedent ties our hands. True, in appeals from interlocutory orders, our "usual practice is just to dismiss the appeal as moot and not vacate the order appealed from." *Democratic Exec. Comm. of Fla.*, 950 F.3d at 794 (quoting *Brooks*, 59 F.3d at 1122). But vacatur "is rooted in equity," meaning that "the decision whether to vacate turns on 'the conditions and circumstances of the particular case.'" *Azar v. Garza*, 138 S. Ct. 1790, 1792 (2018) (per curiam) (quoting *United States v. Hamburg-Amerikanische Packetfahrt-Actien Gesellschaft*, 239 U.S. 466, 478 (1916)). "One clear example where 'vacatur'" is necessary arises when the appeal becomes moot from "the 'unilateral action of the party who

14                    Rosenbaum, J., Dissenting                    21-12729

prevailed in the lower court.'" *Id.* (alteration adopted) (quoting *Arizonans for Off. English v. Arizona*, 520 U.S. 43, 71–72 (1997)).

Vacatur is clearly necessary here because Norwegian, after successfully procuring a preliminary injunction in the district court, unilaterally mooted this appeal by asking the district court to lift the preliminary injunction.  For this reason, in addition to vacating our October 6, 2022, opinion as moot, I would vacate the district court's order enjoining Florida from enforcing Section 381.00316 against Norwegian until what turned out to be October 4, 2022.

## IV.

"For a court to pronounce upon the constitutionality of a state or federal law when it has no jurisdiction to do so is, by very definition, for a court to act ultra vires." *Jacobson*, 974 F.3d at 1245 (Pryor, C.J.) (alteration adopted) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–102 (1998)).  But the Majority Opinion does just that in this appeal by deciding on the constitutionality of Section 381.00316, even though that decision cannot afford either party any meaningful relief.

In so doing, the Majority Opinion exercises power that Article III of the Constitution does not authorize.  Because this ultra vires power grab tramples Article III's case-or-controversy limitation on our jurisdiction, I respectfully dissent.  And because today's opinion hopelessly confuses our mootness precedent and violates the separation of powers, I respectfully urge the Court to revisit this matter en banc.